

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 23, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-286

Re: Whether or not transpor-
tation agencies should
be required to have a
cigarette permit in order
to dispose of damaged or
salvage cigarettes that
they may acquire from
time to time due to re-
fusal to accept the
cigarettes by the con-
signee.

Dear Mr. Calvert:

You ask the opinion of this office upon the question
presented in your letter of September 19, 1957, the pertinent
part of which is as follows:

"At various times during the past common
carriers that transport tax-free cigarettes have
had delivery refused on these cigarettes by the
consignee due to damage, etc. We have been
requiring the transportation agency to take out
a cigarette permit in order to dispose of these
cigarettes. The type of permit required from
the transportation agency depended on the manner
in which they intend to dispose of the ciga-
rettes, either retail or wholesale.

"At the present time the Panhandle and
Santa Fe Railway Company have a case of damaged,
unstamped, cigarettes in the unclaimed freight
warehouse at Amarillo. They are aware of the
fact that these cigarettes have to be stamped
with tax revenue stamps but contend that they
should not be required to have a cigarette
permit in order to dispose of the cigarettes.

"I will appreciate it if you will advise me as to whether or not in your opinion transportation agencies should be required to have a cigarette permit in order to dispose of damaged or salvage cigarettes that they may acquire from time to time due to refusal to accept the cigarettes by the consignee."

Section 4 of Article 7047c-1, Vernon's Civil Statutes, is in part as follows:

"Every distributor, wholesale dealer and retail dealer in this State now engaged or who desires to become engaged, in the sale or use of cigarettes upon which a tax is required to be paid, shall, within thirty (30) days from the date this law becomes effective, file with the Comptroller an application for a cigarette permit as a distributor, wholesale dealer or retail dealer, as the case may be, said application to be accompanied by a fee of Twenty-five ($25.00) Dollars if for a distributor's permit, or a fee of Fifteen ($15.00) Dollars if for a wholesale dealer's permit, or a fee of Five ($5.00) Dollars if for a retail dealer's permit."

It thus appears that if the common carrier, under the circumstances stated in your letter, is a distributor, wholesale or retail dealer, within the meaning of the taxing statute, a permit is required.

The Statute defines distributor, wholesale dealer and retail dealer in the language following:

"'Distributor' shall mean and include every person in this State who manufactures or produces cigarettes or who ships, transports, or imports into this State or in any manner acquires or possesses cigarettes and makes a 'first sale' of the same in this State; the said term shall also include every person in this State who in any manner acquires or possesses unstamped cigarettes for the purpose of making a 'first sale' of the same within

this State.

"'Wholesale Dealer' shall mean and include every 'person' other than a distributor or a salesman in the employ of a manufacturer and handling only the products of his employer who engages in the business or selling or distributing cigarettes in this State for the purpose of resale.

"'Retail Dealer' shall mean and include every person other than a distributor or wholesale dealer who shall sell, distribute, or offer for sale or distribution or possess for the purpose of sale or distribution, cigarettes irrespective of quantity or amount or the number of sales or distributions; . . ."

We believe that the intent of the Legislature, as evidenced by the language of the statute defining distributor and retail dealer, cannot reasonably be construed as importing an exception to the operation of the statute for the benefit of a common carrier.  If such common carrier, after having acquired possession of cigarettes, makes a "first sale" of the commodity in this State, or distributes or offers for sale or distribution, then the common carrier has subjected himself to the regulations imposed by the statute.  We are of the opinion that transportation agencies must have a cigarette permit in order to dispose of damaged or salvage cigarettes that they may acquire from time to time due to refusal to accept the cigarettes by the consignee.

### SUMMARY

A common carrier who acquires ownership of unstamped cigarettes in its usual and customary operations of transporting for hire is not excepted from the operation of Article 7047c-1, Tex. Civ. Stat. (Vernon, 1948), and is required to secure a

0646

Honorable Robert S. Calvert, page 4 (WW-286)

permit in order to sell
such cigarettes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By B. H. Timmins, Jr.
B. H. Timmins, Jr.
Assistant

BHT:wam

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Milton Richardson
Wayland C. Rivers, Jr.